The Chief Justice
delivered the opinion of the court.
In the court below, the appellee brought a petition and summons against the appellants, on a note for the direct payment of money.
The summons was returned “executed,” and a jury called to enquire of damages; who returned the following verdict: “We of the jury find for the plaintiff one cent in damages;” on which judgment was rendered for “the debt *37 in the note mentioned,” and the damages so found by the jury, and costs.
After the lapse of some days, the appellants, by their counsel, moved the court to set aside the judgment and verdict aforesaid, and award to them a venire de novo, “because the jury were not sworn in the case at all—or, if sworn, it was an illegal and insufficient oath, that was administered to them.
The jury, if sworn in this case, was illegally sworn—before the suit was called—before the defendants were called, and before the order for a jury.
The verdict rendered was never read over to the jury, nor were they enquired of, whether they did, or did not, agree to it—but the verdict was written by one of the jury, without consulting his fellows, and received without the clerk’s reading of it, or demanding of them, in the usual form, “whether they agreed to the verdict rendered.”—This application was, on argument, overruled by the court below, whereupon the counsel for the appellants tendered their bill of exceptions to the opinion of the court, as follows:—“Be it remembered, that on hearing the motion to set aside the verdict and judgment in this cause, the following appeared to be the facts:
On calling the petition and summons, number 5, John Grubbs vs. James Combs, on the third day of the term, a jury was called to the book, and the following oath was administered to them, to wit: “Each of you do swear, that you will well and truly enquire of damages, in all such causes as shall now be submitted to you, and true verdicts give according to the evidence,” so help you God. The said cause was then submitted to them, and a verdict rendered.
After this, the court proceeded to call the docket of petition and summons, in order, (passing the disputed cases;) and after calling the defendants, submitted the causes in which no defence was made.
The suit now in question was No. 72 on the docket, and was called in the course of the day; the defendants were called, and not appearing, the plaintiff read to the said jury, (no other oath having been administered to them,) the note on which it was founded; and then handed the papers to one of the jury, who signed the verdict rendered, (it having been prepared by the clerk before the suit was called,) and returned them to the clerk, who received them and recorded the verdict.
*38 The jury did not leave their seats.
The juror who signed the verdict, did not consult his fellows.
The verdict was not read over to the jury.
Nor was it enquired of them by the clerk (or any other) in the usual form, (or in any way,) whether the jury concurred in the verdict.
But the honorable judge (in the court below) did suppose that the jurors knew what was going on, and did give their tacit consent to it, and he would have given his attention to any juror who would have communicated his dissent.
It farther appeared, that the jury aforesaid found one cent damages in most of the cases, but when larger damages appeared to be due, they were correctly found, according to the evidence submitted to them; and the court, from his own recollection, as well as from the evidence produced, was, and still is, perfectly satisfied that the jury aforesaid discharged the duty assigned them, in regard to all the causes aforesaid, (as well as this cause,) honestly, impartially, and intelligently; and that the trial was strictly according to the forms, as well as to the principles, of law—except that the jury was not sworn in each case formally, neither were the verdicts formally read over.
On this evidence, which contains a full and true statement of all that did pass in court, in relation to this suit, as appeared on the hearing of the said motion, the court overruled the motion."
From which judgment the appellants appealed. On the appeal, the counsel for the appellants assigned the following error, in the judgment of the court below:
The court erred in refusing to set aside the verdict rendered, and in refusing to award a venire de novo, and in refusing to permit a defence after said motion.
The cause came up regularly to the third day, and Mr. Talbot moved the court to inspect the record and affirm the judgment as a delay case. On inspection, the court thought no error existed, and ordered the appeal to be dismissed.
At a subsequent day, general Hardin besought the court to reconsider the order dismissing the appeal, and for permission to argue the error assigned; in this, the court indulged him, and the cause was fully argued; but the reporter is prohibited from giving the argument on either side. *39 The result, however, was, that the judgment was affirmed as a delay case.
Hardin for appellants, Talbot for appellee.